## Harvey's Appeal.

A party assigned his property to a trustee, in trust, first for the payment of his debts and the expenses of the trust; then, to invest one-third of the surplus, and pay the interest thereof to his wife for life; to pay the interest of the remaining two-thirds to himself during his life; if his wife should survive him, at his decease, to pay the said two-thirds to his heirs, or devisees; but if his wife should not survive him, the whole surplus to remain in trust, the interest to be paid to himself annually, and at his decease, the principal sum to whomsoever he should bequeath it, or in default of such bequest to his heirs in equal shares; the grantor subsequently revoked the trust except as to the payment of debts and the provision for his wife: *Held*, that the grantor took an absolute interest in the two-thirds of the surplus of the assigned estate.

APPEAL from the Common Pleas of *Chester county*.

This was an appeal by Chalkley Harvey, trustee of Marshall Harvey, from the decree of the court below distributing the trust funds in his hands.

On the 8th August 1857, Marshall Harvey executed a deed of trust, whereby he conveyed to Chalkley Harvey, "his heirs and assigns, all the estate of Marshall Harvey, real and personal, for the use of all his creditors; in trust, that the assignee shall convert the same into money, pay all his debts, and the expenses incident to the assignment, and secure one-third part of the surplus, and pay the interest of the same, annually, to Edith T. Harvey, the wife of the said Marshall Harvey, during her life; and pay the interest of the remaining two-thirds to the said Marshall Harvey, during his life:"—and if the said Edith T. Harvey should survive him, at his decease, to pay the said two-thirds to his heirs, or to whomsoever he should bequeath it; if his wife should not survive him, the "whole surplus remains in trust, the interest on the whole to be paid to him annually, and at his decease, the principal sum to whomsoever he may bequeath it; and in default of such bequest, then it is to be paid to his heirs in equal shares."

On the 27th November 1858, Marshall Harvey executed a deed of revocation, revoking the trusts contained in the assignment of the 8th August 1857, except so far as related to the payment of his debts, and the provision for his wife.

On the 11th September 1858, the trustee filed an account, exhibiting a balance in his hands of $6454.03. And on the 14th December 1858, on the petition of Marshall Harvey, the court appointed an auditor to report upon the facts, and distribute the balance in the hands of the accountant.

The auditor being of opinion, that under the deed of the 8th August 1857, Marshall Harvey took an absolute interest in the

[Harvey's Appeal.]

two-thirds of the surplus of the assigned estate, appropriated the fund, in the first place, to the payment of the debts of Marshall Harvey, and the expenses of the trust; and of the surplus remaining, he reported that one-third should be retained by the trustee during the life of Edith T. Harvey, the interest to be paid to her annually during her life; and the remaining two-thirds of the surplus to the said Marshall Harvey.

The court below dismissed exceptions filed by the trustee, confirmed the auditor's report, and decreed distribution accordingly; whereupon this appeal was taken.

*Butler*, for the appellant.

*J. J. Lewis*, for the appellee, cited Watts *v.* Ball, 1 *P. Wms.* 108; Ball *v.* Coleman, *Id.* 145; Jones *v.* Morgan, 1 *Bro. C. C.* 221–2; *Fearne on Remainders* 342–3, 464; Bush's Appeal, 9 *Casey* 85; Potts's Appeal, 6 *Id.* 168; Garth *v.* Baldwin, 2 *Ves. Sr.* 646; Glover *v.* Strothoff, 2 *Bro. C. C.* 33; Eaton *v.* Eaton, 19 *Ves.* 72; Smith's Appeal, 11 *Harris* 9; Rewalt *v.* Ulrich, *Id.* 389.

The opinion of the court was delivered by

WOODWARD, J.—It is not necessary to discuss the effect of the deed of revocation, because the auditor ruled rightly, that Marshall Harvey took an absolute interest in the two-thirds of the surplus of the assigned estate. And that decides the only question on the record. If any authorities are necessary to be added to those cited by the auditor, they will be found collected in Smith's Appeal, 12 *Harris* 9; *Id.* 389; 9 *Casey* 85.

The decree is affirmed.